## CARPENTER *v.* GOIN.

Where a debtor pays money to the attorney of several creditors whose debts are presently due, and does not designate the debt to which he wishes it to be applied, the attorney may apply it.

ASSUMPSIT, to recover the balance of a promissory note made by the defendant, dated December 29, 1845, for fifty-two dollars and eighty-four cents, payable to the plaintiff or bearer, on demand with interest, on which was indorsed, February 17, 1846, thirteen dollars. The writ was dated the 19th day of March, 1846, and on the same day was served by making attachment of divers articles of personal property of the defendant, subject to a previous attachment of the same articles on an action in favor of Shaw & True, of Portland, Maine, the officer's valuation of which property amounted to $285.

On the thirteenth of April, 1846, the plaintiff's attorney,

who was also the attorney of Shaw & True, in their action aforesaid, received of the defendant $40, for which he gave the defendant a receipt in these words:

. " April 13, 1846. Received of Eri Goin forty dollars, to apply on the claims in my hands against him, sued in favor Messrs. Shaw & True, and Mr. Carpenter."

On the 8th of July, 1846, the attorney received from Shaw & True their order, bearing date July 6, 1846, directing him to remit by the driver connected with the White Mountain stage line, on his return trip through Littleton, where the said attorney resides, the money collected by said attorney on their account, of the defendant. And upon said order he then remitted fifty dollars, which was the whole amount which he had received of the defendant in any way, including the $40 aforesaid, except $7.56 which the attorney retained towards his own charges and expenditures. On the 17th of August, 1846, the defendant, in writing, gave notice to said attorney that he, the defendant, elected to apply the $40 mentioned in the receipt aforesaid upon the demand in favor of the plaintiff, and also tendered to the attorney the balance of the plaintiff's claim and costs which would remain due after deducting the $40 aforesaid.

The attorney, at the time of the notice and tender aforesaid, informed the defendant of the remittance aforesaid to Shaw & True, upon their order, and declined accepting the tender aforesaid, alleging that he could not comply with the defendant's requisition without being obliged to advance the money to the plaintiff.

The fifty dollars remittance aforesaid, was credited to the defendant by said Shaw & True, and the same with interest, together with the $7.56 and interest, has been allowed to the defendant, against Shaw & True, in an auditing of their claims against the defendant; at which auditing the defendant was not present, and in which he did not take part. The balance found by the auditor due to Shaw &

True, exclusive of costs, was $124.85. Upon the facts aforesaid, the parties having agreed to the same, ask the decision of the court on the question whether the defendant is entitled to apply the $40, with his tender aforesaid, in bar of the further prosecution of this action, and if not, whether any portion of said $40 should be applied towards the plaintiff's demand, and if so how much.

*E. Carleton*, for the plaintiff.

*Bellows*, for the defendant.

WOODS, J. The defendant in this case, owing debts to different parties lodged with an attorney for collection, paid to the attorney towards those debts a sum of money less than either. He did not designate the debt to which he wished the payment to be applied, either at the time of making the payment, or at any other time, until the attorney himself had made the application to the debt of Shaw & True. He then requested the attorney to apply it to that of the present plaintiff. The money was paid on the 13th of April, the application made soon after the 8th of July, and the election of the defendant to appropriate it to the demand in suit was notified to the attorney on the 17th of August. The simple question is whether the defendant had, at the last named day, any right or power to direct the application of the money which he contends for.

The principle examined somewhat at length, and laid down in the cases of *Caldwell* v. *Wentworth*, 14 N. H. Rep. 431, and in *Sawyer* v. *Tappan*, in the same volume, page 352, is that where money is paid to a creditor holding more claims than one presently due, the debtor has the right to elect as to the application of the money ; that if he omit to do so that right devolves upon the creditor ; and that if neither party appropriate it the law will apply it according to the principles of justice and equity.

Carpenter *v.* Goin.

It is not necessary that the debtor should formally declare his election at the moment of making the payment; and it is held to be sufficient to restrain the creditor, if there be circumstances known to him clearly indicating the intention of the debtor, or tending to raise a fair presumption as to what it would be.

No such circumstances appear to be disclosed in this case. So far as it is possible to judge, it was wholly indifferent to the defendant to which claim the payment should be applied, and the attorney might well have presumed that the debtor intended to exercise no choice as to the application of the money. The sum was insufficient for the full payment of either claim, and so no advantage could have resulted to the defendant in the matter of costs, by way of terminating one of the actions, and, of course, the accruing costs.

It is true the payment was not made to a creditor having several claims, but to the attorney of several creditors. The cases, however, appear to fall within the same principle, except that in cases like the present, a duty may attach to any election that may devolve upon the attorney in favor of the client, if either, entitled to priority. From that circumstance a presumption might have arisen; for it may well be presumed that the debtor intended by his silence to leave the attorney to follow the indications of his duty, and the rights of other parties. It is not denied that he did this in making the application of the money which he did. There is no ground in law or in any concession of the parties apparent in this case, for giving preference in this payment to the later over the earlier attaching creditor.

The conclusion therefore is that the defendant had no right to direct the appropriation of the payment at the time he undertook to do so.

*Judgment for the plaintiff.*